ORDER AFFIRMING FINAL EMPLOYMENT DECISION
KATHARINE ENGLISH, Chief Judge.
A. ISSUE PRESENTED
Petitioner seeks judicial review of the Final Employment Decision to terminate her position as part of the wait staff at Legends restaurant at Spirit Mountain Casino. She contends that the decision was *202 arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with applicable.-law. For the reasons that follow, the Court affirms the Final Employment Decision.
B.BACKGROUND
The facts need not be detailed. As one of her past supervisors noted in an evaluation, Petitioner was a frustrating employee, who in some respects did good to excellent work and could have been, and sometimes was, a valued member of the staff, but who persistently undermined her own good efforts by engaging in outbursts of profanity and anger, which sometimes were overheard by and disturbed customers of the restaurant and which at least sometimes caused other employees to feel harassed and victimized. It is a tribute to Petitioner’s good work performance, and perhaps to the employer’s patience as well, that she worked for the employer for somewhat more than six years before her periodic tirades finally caused the employer to fire her.
C.STANDARD OF REVIEW
As pertinent here, the Tribe’s Employment Action Review Ordinance, Tribal Code section 255.5(d)(8)(C), provides that the Court may reverse a Final Employment Decision, in whole or in part, if the employee’s substantial rights have been denied because the decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with applicable law. The Ordinance also provides that Spirit Mountain is an agency or instrumentality of the Tribe. Tribal Code section 255.5(a)(2).
D.ANALYSIS
The essence of Petitioner’s complaint appears to be that the employer’s decision to end her employment was arbitrary and capricious because she w?as singled out for discipline. According to her, others used profanity too, sometimes within the hearing of supervisors, yet they were not fired or disciplined.[1]
A decision is arbitrary and capricious if it runs counter to the evidence or is “so implausible that it could not be ascribed to a difference in view.” In the Matter of Reyn Leno, Case No. C-99-10-001 at 6. That is, there must be a rational connection between the facts found and the decision to be made. Brandon v. Tribal Council for the Confederated Tribes of the Grand Ronde Community of Oregon, 18 1LR 6139, 6140 (1991). The standard is, by its own terms, a rather deferential one, in which the Court is authorized to reverse the employer’s decision only if the Court can say, in effect, that no reasonable employer could have or would have taken the action that in fact was taken.
Here, Petitioner’s claim does not come even elose to clearing that high bar. Over the years, some of Petitioner’s supervisors gave her higher or a bit lower marks for her performance, but'the complaints about her outbursts provided a steady backdrop to her otherwise more than acceptable work. Over the years, the employer-warned her, counseled her, and occasional *203 ly forgave her. But the outbursts never stopped and, if anything, the number and perhaps the severity of her tirades and the number of customer complaints appear to have increased. With the employer’s patience apparently at an end, she was fired in November 2002, after yet another angry outburst,[2]
E. CONCLUSION
Conceivably, another employer or other supervisors might have tolerated Petitioner’s conduct a bit longer. On the other hand, other employers or supervisors might well have lost patience and fired Petitioner sooner. In sum, there is nothing arbitrary, capricious or unreasonable about what the employer did here. For that reason, the court Affirms the Final Employment Decision made in this case.
This Order is a Final Order for the purpose of appeal.

. Petitioner also suggests that she was not given an opportunity to defend herself against the employer's allegations of improper conduct. But the record flatly belies that claim. She always was given a chance to respond to the allegations made against her, she sometimes did not deny them (responding, for example, with a "no comment"), and in the arbitration review procedure held below, she did not present any witness statements in support of her position—although she could have under the procedure—and she did not identify any particular person who could support her position. Petitioner was given ample opportunity to defend herself, but she offered little or no defense, except for her (essentially unsupported) claim that she was singled out for adverse treatment.

. As noted, Petitioner contends that others used profanity, overheard by supervisors, but that they were not disciplined or fired. Little, if anything, in the record supports that claim. In all events, the point is that even if others swore and were overheard by supervisors, Petitioner repeatedly used profanity in places and at a volume that created the very real risk—realized at least some times—that customers .would overhear her outbursts and be upset. An employer might rationally distinguish between muttered expressions of employee frustration and public outbursts of profanity overheard by customers.